IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLINE RICHARDSON,

      Plaintiff,

v.                                          Civ. No. 08-818 MV/KBM

JANET NAPOLITANO, Secretary,
Department of Homeland Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 24, filed August 20, 2009). For the reasons stated below, the Court will **DENY** the Motion without prejudice.

**Background**

Plaintiff is an Hispanic-American woman employed by the Department of Homeland Security at the United States Immigration and Customs Enforcement's District Office in El Paso, Texas. (*See* Complaint ¶ 1, Doc. No. 1, filed September 9, 2008). Plaintiff alleges that Defendant discriminated and retaliated against her because of her race, sex and national origin, her whistleblowing activities, and for having filed EEO complaints. (*See id.* ¶ 30).

**Defendant's Motion for Summary Judgment**

Defendant's Motion seeks summary judgment on Plaintiff's gender/national origin discrimination and retaliation claims using the pretext/burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). (*See* Memorandum at 5-6). Under *McDonnell Douglas*, if the plaintiff establishes a *prima facie* case of discrimination or

retaliation, a presumption of discrimination or retaliation arises. (*See id.*). That presumption places upon the defendant the burden of articulating a legitimate, non-discriminatory reason for the adverse employment action. (*See id.*). If the defendant carries its burden of producing a legitimate, non-discriminatory reason, the burden then shifts back to the plaintiff, who must prove that the employer's reasons are a pretext for unlawful discrimination or retaliation. (*See id.*). Defendant argues that (1) Plaintiff has not established a *prima facie* case of discrimination or retaliation, (2) that Defendant has a legitimate, non-discriminatory explanation for its employment decisions, and (3) Plaintiff has failed to demonstrate pretext. (*See* Memorandum at 6-14).

However, showing that the employer's reason for the adverse employment action is unworthy of belief is not a plaintiff's only way of establishing that discrimination or retaliation played a part in the employment decision. A plaintiff may prevail on a discrimination or retaliation claim by persuading the factfinder that the evidence shows discrimination or retaliation was a motivating factor in the employer's decision, in which case the evidence is analyzed within the mixed-motive framework. *See Fye v. Oklahoma Corp. Comm.*, 516 F.3d 1217, 1224-1225 (10th Cir. 2008). A "mixed-motive" case is one "where both legitimate and illegitimate reasons motivated the decision." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 93 (2003). "Once the plaintiff proves that retaliatory animus was a motivating factor, the burden of persuasion shifts to the defendant to prove that it would have taken the same action absent the retaliatory motive." *Fye v. Oklahoma Corp. Comm.*, 516 F.3d at 1225.

Plaintiff asserts that hers is a mixed-motive case. (*See* Response at 1, 3, and 8, Doc. No. 34, filed February 19, 2010). Defendant did not address the mixed-motive framework in her memorandum in support of her Motion and, therefore, did not meet her initial burden of showing that she is entitled to summary judgment as a matter of law on Plaintiff's mixed-motive case.

Defendant addresses the mixed-motive framework in her reply brief, but Plaintiff has not had an opportunity to address Defendant's mixed-motive argument. The Court will deny Defendant's Motion without prejudice. Defendant may file another motion for summary judgment addressing the mixed-motive framework.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2010.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Ronald H. Tonkin
2777 Allen Parkway, Suite 1080
Houston, TX 77019

Cori Harbour
303 Texas Avenue, 9th Floor
El Paso, TX 79901

*Attorney for Defendants:*

Michael H. Hoses
P.O. Box 607
Albuquerque, NM 87103